UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CREEKSIDE CROSSING CONDOMINIUM ASSOCIATION, INC.,

Plaintiff, CASE NO.

v.

EMPIRE INDEMNITY INSURANCE COMPANY,

Defendant.

_______________________________________/

**NOTICE OF REMOVAL**

Empire Indemnity Insurance Company ("Empire"), pursuant to 28 U.S.C. § 1441(a), removes this action pending in the Circuit Court for the Twentieth Judicial Circuit of Florida, in and for Lee County, styled *Creekside Crossing Condominium Association, Inc. v. Empire Indemnity Insurance Company*, case number 2020-CA-332, where Plaintiff, Creekside Crossing Condominium Association, Inc., sued Empire, and states:

**TIMELY NOTICE OF REMOVAL**

1. On January 17, 2020, Plaintiff sued Empire in state court.[1] Empire was served on January 29, 2020.[2] Therefore, this Notice of Removal is filed timely within thirty (30) days of service upon Empire through service of a copy of the initial pleading

[1] *See* Exhibit A: Petition to Compel Appraisal.
[2] *See* Exhibit B: Notice of Service of Process.

setting forth a claim for relief, pursuant to 28 U.S.C. § 1446(b), and within a year of the filing of the lawsuit.

**VENUE**

2. Venue is proper in the United States District Court for the Middle District of Florida, Fort Myers Division, because the state court action originated in Lee County, Florida.[3]

**JURISDICTION**

3. The Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff, on the one hand, and Empire, on the other, are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Empire is entitled to remove this action pursuant to 28 U.S.C. § 1441.

**COMPLETE DISVERSITY EXISTS**

4. At the time of the lawsuit and the filing of this Notice of Removal, there was and still is complete diversity between Plaintiff, Creekside Crossing Condominium Association, Inc. (a citizen of Florida) on the one hand, and Defendant, Empire (not a Florida citizen) on the other.

5. Plaintiff is a citizen of Florida. Plaintiff is a Not For Profit Corporation, incorporated in the State of Florida, and its principal place of business is located at 8840 Terrene Court #102, Bonita Springs, Florida 34135. Therefore, Plaintiff is a citizen of Florida for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

[3] Local Rule 1.02(a)(5).

6. Empire is not a citizen of Florida. It is not incorporated under the laws of Florida and does not have its principal place of business in Florida. Empire is an Oklahoma corporation and its principal place of business is located at 1299 Zurich Way, Schaumburg, Illinois 60196. Accordingly, Empire is a citizen of Illinois and of Oklahoma for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

**AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

7. Plaintiff is clearly seeking damages against Empire. Although the Petition specifically says that the "damages" are in excess of "Thirty Thousand Dollars", the damages actually exceed $75,000.00 and actually are much more than that.[4]

8. The amount in controversy is about $11 million. Plaintiff is clearly seeking "damages" against Empire.[5] Before filing suit, Plaintiff submitted a Sworn Statement in Proof of Loss asserting that the full replacement cost of its claim is $13,205,220.94[6]. The policy's 3% Calendar Year Hurricane Deductible applies, which totals $655,990.41.[7] Empire previously paid Plaintiff $1,315,395.45. Therefore, the amount in controversy is at least $11,233,835.08, which is the amount claimed by Plaintiff minus the deductible and the prior payment, far exceeding the $75,000.00 amount in controversy requirement, exclusive of interest and costs.

[4] *See* Exhibit A: Petition to Compel Appraisal at ¶1.
[5] *Id*.
[6] *See* Exhibit C: Sworn Statement in Proof of Loss dated February 13, 2019.
[7] *See* Exhibit A: Petition to Compel Appraisal at attachment: the policy on p. 12 of 77.

**COMPLIANCE WITH 28 U.S.C. § 1446**

9. Empire files copies of all process, pleadings, and orders served on it, and such other papers that are exhibits, as required by 28 U.S.C. § 1446, and the Local Rules of this Court.[8]

10. Pursuant to 28 U.S.C. § 1446(d), Empire provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. Attached to this notice is a copy of all process, pleadings, and orders served upon Defendant, as required by 28 U.S.C. § 1446(a).[9]

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/J. Pablo Caceres*

J. PABLO CÁCERES, ESQ.
Florida Bar No.: 131229
pcaceres@butler.legal
KAITLYN M. DUGAS, ESQ.
Florida Bar No.: 1004136
kdugas@butler.legal
Secondary: jfan@butler.legal; mratliff@butler.legal; cjenkins@butler.legal
Butler Weihmuller Katz Craig
400 North Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorneys for Defendant

[8] *See* Local Rule 4.02(b).
[9] *See* Exhibit A, *supra*.

**CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

Sanjay Kurian, Esq.
Becker & Poliakoff
Six Mile Corporate Park
12140 Carissa Commerce Court, Suite 200
Fort Myers, FL 33966
skurian@beckerlawyers.com
Attorneys For: Plaintiff

by Electronic Service on February 28, 2020.

*/s/J. Pablo Caceres*
J. PABLO CÁCERES, ESQ.