UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CREEKSIDE CROSSING CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiff,

v.                           Case No. 2:20-cv-00136-TPB-MRM

EMPIRE INDEMNITY INSURANCE
COMPANY,

        Defendant.

_____/

**<u>DEFENDANT EMPIRE INDEMNITY INSURANCE COMPANY'S
MOTION TO DISMISS THE PETITION TO COMPEL APPRAISAL</u>**

Empire Indemnity Insurance Company ("Empire") moves to dismiss the petition,

pursuant to Fed. R. Civ. P. 12(b)(6), stating as follows:

**I.    Background**

1.    Creekside Crossing Condominium Association, Inc. ("Creekside") filed a

Petition to Compel Appraisal ("Petition") in state court, requesting an order directing

Empire to take affirmative action in connection with an insurance dispute, as specifically

detailed in the Wherefore clause of the Petition:

> Plaintiff respectfully requests this Honorable Court order Defendant to
> comply with the appraisal process in the subject policy, require Defendant
> to name its appraiser, allow Plaintiff to select an appraiser of its choice,
> and complete the appraisal within 60 days….

[D.E. 1: Notice of Removal at Exhibit A: Petition to Compel Appraisal]  Creekside did not

assert any other cause of action.

2.    The insurance dispute, as outlined in the Petition, concerns claimed

Hurricane Irma damages to 27 buildings in Bonita Springs.  Except for four buildings, all

1

are insured for varying amounts between $700,000 and $1.2 million.[1]

3. On February 28, 2020, Empire removed this action to this federal Court.[2]

## II. Argument

### A. The Petition to Compel Appraisal Should Be Dismissed For Failure to State A Proper Action for Injunctive Relief.

#### 1. The Petition Seeks an Order for a Mandatory Injunction, i.e., an Order Compelling Empire to Take Affirmative Action.

The crux of this action is one for injunctive relief and, more specifically, mandatory injunctive relief, despite the filing of a "Petition to Compel Appraisal." Most civil actions seek money judgments. When one party sues for a court order to compel the other to take action, that amounts to a suit for a mandatory injunction. *Haddad v. Arnold*, 784 F. Supp. 2d 1284, 1295 (M.D. Fla. 2010) (*citing Exhibitors Poster Exch., Inc. v. National Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971)) ("When a preliminary injunction is sought to force another party to act, rather than simply to maintain the status quo, it becomes a 'mandatory or affirmative injunction.'); *see also People's Trust Insurance Company v. Bravo*, 2020 WL 808932 (Fla.App. 3 Dist., 2020) (trial court order requiring "the Insurer to take affirmative action—i.e., to physically repair the property" was deemed an injunction).

There is an ubiquity of complaints or petitions to compel appraisal in state and federal courts, which are filed without any challenge raised on the proper vehicle for such actions.[3] But the federal black letter law on what constitutes mandatory

---

[1] As an aside, the amount being claimed totals $11,233,835.08. D.E. 1: Notice of Removal at ¶8.

[2] D.E. 1: Notice of Removal

[3] Florida courts have not yet directly addressed the appropriate legal remedy, either statutory or at common law, for "compelling" a party to appoint an appraiser and

2

injunctions is difficult to ignore, especially in light of the high burden of proof required to compel such affirmative action. Therefore, an action that seeks an order compelling Empire to take affirmative action, like this one, must be viewed as an action for mandatory injunctive relief and the Petition must be reviewed accordingly.

## 2. Federal Law on Injunctive Relief Applies under the Erie Doctrine.

The mandatory injunction sought by the Petition is procedural, and in this Court it must be reviewed for sufficiency under federal law, pursuant to the *Erie* Doctrine. *See Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441 (11th Cir. 1991). This is because Federal Rule of Civil Procedure 65 sets forth standards for injunctive relief, and the federal rules of civil procedure must be applied by federal courts, "to the exclusion of any contrary state procedure as long as the rule is both constitutional and within the scope of the rules' enabling act." *Ferrero*, 923 F. 2d at 1448. Rule 65 "incorporates traditional federal equity practice." The fact that that the application of federal law might lead to a different result is of no consequence within the context of injunctive relief. *Id., citing Hanna v. Plumer*, 380 U.S. 460 (1965). Therefore, the federal criteria for the

_____

participate in "appraisal" despite many appellate cases referring to "motions to compel appraisal." *See, e*.g., *Citizens Property Ins. Corp. v. Gutierrez*, 59 So.3d 177, 178 (Fla. 3rd DCA 2011). Before the Florida Supreme Court in *Allstate Ins. Co. v. Suarez*, 833 So.2d 762 (Fla.,2002) stated that appraisal is not an arbitration subject to the Florida Arbitration Code, appraisals could be statutorily compelled through a "petition" pursuant to Florida Statute Section 682.015 because Florida law, for a number of years, considered insurance appraisals as arbitrations subject to the Code. *See Travelers Ins. Co. v. Luckett*, 279 So.2d 885, 886 (Fla. 3d DCA 1973) (an agreement to arbitrate amount of damages between insurer and insured is governed by the provisions of the Florida Arbitration Code). Without Section 682.015 applicable to appraisals, there is no legal action to compel appraisal except perhaps one for a mandatory injunction (see Rule 65) or perhaps an equitable action for specific performance, the latter usually reserved for real property or chattel. *See George Vining & Sons, Inc. v. Jones*, 498 So.2d 695, 697 (Fla. 5th DCA 1986) ("[S]pecific performance of a contract is limited to those involving a unique subject matter such as an agreement to convey land.") Equitable relief requires that there be no adequate remedy at law.

3

mandatory injunctive relief requested by Creekside must be applied to determine whether the Petition states a cause of action to compel Empire to hire an appraiser and do other things associated with appraisal.

### 3. As Pleaded, The Petition Does Not Support the Claim for Mandatory Injunctive Relief.

In the Eleventh Circuit, "A party seeking injunctive relief must establish four prerequisites to be entitled to such relief: (1) a substantial likelihood that the movant will prevail on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) the entry of relief would serve the public interest. *See KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006). The Petition does not mention the word "injunction," much less set forth any facts that fulfill the elements for such relief. Therefore, the Petition fails to state an action for injunctive relief, and must be dismissed. *Dear v. Q Club Hotel, LLC*, 2015 WL 4273054 (S.D.Fla., 2015) (claim for injunctive relief dismissed for failure to sufficiently plead required elements.)

## IV. Conclusion

Creekside's Petition amounts to an improperly and insufficiently pled action for mandatory injunctive relief. Therefore, it should be dismissed in its entirety for failure to state a proper action for declaratory judgment.

WHEREFORE, Empire prays that this Court dismiss the Petition and for such further relief as this Court deems appropriate.

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/J. Pablo Caceres*

J. PABLO CÁCERES, ESQ.
Florida Bar No.: 131229
pcaceres@butler.legal
KAITLYN M. DUGAS, ESQ.
Florida Bar No.: 1004136
kdugas@butler.legal
Secondary: cjenkins@butler.legal
mratliff@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on March 6, 2020, I presented the foregoing to the Clerk of Court for

filing and uploading to the CM/ECF system, which will send a Notice of Electronic Filing

to the following:

Sanjay Kurian, Esq.
Becker & Poliakoff, P.A.
Six Mile Cypress Corporate Park
12140 Carissa Commerce Court, Suite 200
Ft. Myers, FL 33966
skurian@beckerlawyers.com;
FTM-CNST-servicemail@beckerlawyers.com
Attorneys For: Plaintiff

*/s/J. Pablo Caceres*

J. PABLO CÁCERES