## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CREEKSIDE CROSSING
CONDOMINIUM ASSOCIATION,
INC.,

       Plaintiff,

v.                                          Case No.:  2:20-cv-136-FtM-60MRM

EMPIRE INDEMNITY
INSURANCE COMPANY,

       Defendant.

_____/

### ORDER GRANTING DEFENDANT'S "MOTION TO DISMISS THE PETITION TO COMPEL APPRAISAL"

This matter is before the Court on Defendant Empire Indemnity Insurance Company's ("Empire") "Motion to Dismiss the Petition to Compel Appraisal" filed on March 6, 2020.  (Doc. 5).  Plaintiff Creekside Crossing Condominium Association, Inc. ("Creekside") filed a "Response in Opposition to Defendant's Motion to Dismiss the Petition to Compel Appraisal" on March 20, 2020.  (Doc. 6).  After reviewing the motion, response, court file, and record, the Court finds as follows: the complaint is due to be dismissed.

This is an insurance dispute arising from property damage sustained during Hurricane Irma.  Creekside brings this one-count action styled as a "Petition to Compel Appraisal."  (Doc. 3).  Plaintiff alleges Empire failed to pay the full amount owed under the insurance policy and, as a result, asks the Court to compel Empire to submit the dispute to appraisal for a determination as to damages.  (*Id*.).  Empire

argues dismissal is warranted because Creekside's "Petition to Compel Appraisal" is not itself a cause of action but a poor attempt at a claim for injunctive relief.  (Doc. 5 at 2-4).

Creekside's pleading, titled a "Petition to Compel Appraisal," does not expressly assert any cause of action.  *See Aspen Specialty Ins. Co. v. River Oaks of Palm Beach Homeowner's Ass'n, Inc.*, Case No. 11-CV-81380, Middlebrooks/Brannon, 2012 WL 13019190, at *2 (S.D. Fla. June 7, 2012) (citations omitted) (finding a "Petition to Compel Appraisal" did not constitute a viable claim under Florida law); *Lakeside Terraces Apartments, Inc. v. Certain Underwriters at Lloyd's of London*, Case No. 11-24079-CIV-Graham/Goodman, 2012 WL 13014688, at *2 (S.D. Fla. Jan. 10, 2012) (questioning a cause of action styled as a "Petition to Compel Appraisal" and allowing plaintiff to amend complaint to file a claim for declaratory relief); *Parkway Baptist Church, Inc. v. Guideone Elite Ins. Co.*, Case No. 10-23965-CIV-Lenard/O'Sullivan, 2011 WL 13099891, at *3 (S.D. Fla. Sept. 21, 2011) (finding cause of action titled "Petition to Compel Appraisal" a contract claim in disguise); *see also Runaway Bay Condominium Ass'n v. Philadelphia Indemnity Ins. Cos.*, 262 F. Supp. 3d. 599, 604 n.1 (N.D. Ill. Apr. 25, 2017) (finding a pleading styled as a "Petition to Compel Appraisal" did not expressly state a cause of action but was actually a claim for declaratory relief and breach of contract).

Considering the above, the Court finds Creekside's complaint does not state a cause of action as pleaded.  Liberally construing Plaintiff's complaint, it appears to request injunctive relief, specific performance, and/or damages for breach of

contract.  But the complaint stops short of setting forth the elements for these causes of action.  Because Creekside has failed to state a claim for relief, the complaint is dismissed.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendant Empire Indemnity Insurance Company's "Motion to Dismiss the Petition to Compel Appraisal" (Doc. 5) is **GRANTED**.

2. The complaint (Doc. 3) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is directed to file an amended complaint **on or before April 30, 2020**.  Failure to file an amended complaint shall result in the dismissal of this action without prejudice without further notice.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 17th day of April, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record