UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CREEKSIDE CROSSING CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                                                                      Case No.: 2:20-cv-00136-JLB-MRM

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.
    _____/

# ORDER

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Empire Indemnity Insurance Company ("Empire") moves to dismiss the Amended Complaint filed by Plaintiff Creekside Crossing Condominium Association, Inc. ("the Association") for failing to state a cause of action. (Doc. 18.) After careful review of the Amended Complaint, (Doc. 14), the Court holds that the Association has successfully pleaded claims—albeit narrow ones—for both declaratory relief and breach of contract. Accordingly, Empire's motion is denied.

## STATEMENT OF FACTS

Empire, an insurance company, issued policy number ECL9490456-03 ("the Policy") to the Association. (Doc. 14, Ex. A.) On September 10, 2017, Hurricane Irma damaged the complex governed by the Association, causing the Association to submit a claim for its loss to Empire. (Doc. 21 at 1.) A dispute subsequently arose between the parties regarding the amount of the Association's loss. (Doc. 14 at ¶14.)

Paragraph E(2) of the Policy's Condominium Association Coverage Form contains an appraisal process that may be invoked by either party in the event of a disagreement about the amount of loss:

> **E.   Loss Conditions**
>
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
>
> **2.   Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> **a.**   Pay its chosen appraiser; and
>
> **b.**   Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

(Doc. 14, Ex. A at 49.) On January 17, 2020, the Association filed a "petition to compel appraisal" in state court, contending that Empire was refusing to engage in the appraisal process set forth in the Policy. (Doc. 1-1.) Empire removed to this Court based on diversity jurisdiction and moved to dismiss for failure to state a claim. (Docs. 1, 5.) On April 17, 2020, the Court granted Empire's motion without prejudice because the Association's "petition to compel appraisal" did not actually assert any cognizable cause of action. (Doc. 13.) In its Order, the Court cited case

law suggesting that so-called "petitions to compel appraisal" are poor attempts to state causes of action for either declaratory relief or breach of contract. (*Id.* at 2.)

On April 20, 2020, the Association filed an Amended Complaint that set forth two counts: (1) declaratory relief, and (2) breach of contract. (Doc. 14.) Both counts were largely premised on Empire's failure to submit to the appraisal process in Paragraph E(2). However, the Amended Complaint also contains allegations which hint at—without expressly describing—the parties' underlying dispute regarding the Policy's coverage. For instance, Paragraph 16 states, "Defendant has failed to pay the full amount owed to Plaintiff under the policy." (Doc. 14 at ¶16.) The wherefore clause of the Association's count for declaratory relief asks the court to declare the parties' rights about many things besides the appraisal provision, including "that the facts and circumstances giving rise to [the Association's] Insurance Claim constitute a covered loss . . . under the Policy." (*Id.* at 6.) Paragraph 33 under the Association's breach-of-contract count provides:

> Rather than (i) honor [the Association's] demand for binding appraisal in accordance with the Policy's Appraisal Clause, and/or (ii) otherwise pay to [the Association] those benefits due under the Policy's available coverages for those covered damages caused by and/or arising from the Loss . . . [Empire] unilaterally and wrongfully breached the Policy by failing to extend those contractual benefits to return the Insured Premises and/or [the Association] to their pre-loss condition.

(*Id.* at ¶33.) Finally, in its Demand for Relief, Empire asks for several forms of monetary damages, including compensatory damages, consequential damages, and pre- and post-judgment interest. (*Id.* at 8.)

Empire now moves to dismiss the Amended Complaint because: (1) count one does not set forth proper claim for injunctive relief, and (2) the Association's request for contractual relief fails on the face of the Policy. (Doc. 18.) After reviewing the four corners of the Amended Complaint, the Court believes that it adequately sets forth a claim for both declaratory and contractual relief based on the appraisal clause in Paragraph E(2) of the Policy's Condominium Association Coverage Form. However, as to any other purported violation of the Policy, the Court agrees that the Amended Complaint does not state a claim.

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998)). To survive dismissal for failure to state a claim, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* Rather, a complaint "must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

### I.  The Amended Complaint states a claim for declaratory relief.

Empire argues that the Association's cause of action for declaratory relief under Florida law (which the Court construes as a claim for relief under the federal Declaratory Judgments Act)[1] improperly seeks injunctive relief without setting forth any of the required elements for such relief. (Doc. 18 at 5–7.) In other words, Empire believes the Association's claim for declaratory relief **implicitly** seeks injunctive relief because the Association ultimately wants to enjoin Empire into participating in the appraisal process described in Paragraph E(2).

The Court disagrees with Empire's reasoning. "[A] request for declaratory relief may be considered independently of whether other forms of relief are appropriate." *Powell v. McCormack*, 395 U.S. 486, 518 (1969). "A court may grant

---

[1] The parties disagree as to whether state law or federal law governs the Association's claim for declaratory relief. Following the Eleventh Circuit's most recent (albeit nonbinding) guidance, the Court believes that federal law controls. *See Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 880–81 (11th Cir. 2016) ("Florida's Declaratory Judgment Act, found in Chapter 86 of the Florida Statutes, is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights."); *see also Manuel v. Convergys Corp.*, 430 F.3d 1132, 1138 n. 3 (11th Cir.2005) ("There is little doubt, and the parties do not argue otherwise, that the district court had to apply the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, rather than the state declaratory judgment act, in this action." (citation omitted)). "The Court will therefore construe Plaintiff's claim as asserting a claim for declaratory relief under the federal Declaratory Judgment Act . . . ." *Norris v. Freedom Life Ins. Co. of Am.*, No. 8:19-CV-1413-T-36CPT, 2020 WL 887707, at *2 (M.D. Fla. Feb. 24, 2020).

declaratory relief even though it chooses not to issue an injunction or mandamus." *Id.* at 499. "A declaratory judgment can then be used as a predicate to further relief, including an injunction." *Id.*; *see also* 28 U.S.C. § 2202 ("Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."); *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 537 (5th Cir. 1978) ("[T]he prevailing party [in a declaratory action] may seek further relief in the form of damages or an injunction.").

Here, the Association seeks a declaration of its right with respect to the appraisal provision in the Policy because: (1) there is a disagreement between the parties as to the amount of loss, (2) Empire has refused to engage in the appraisal process despite the Association's compliance with all conditions precedent in the Policy. (Doc. 14 at ¶¶7–18.) The Court may address this claim for declaratory relief independently of any potential injunctive relief. If the Court rules in the Association's favor and Empire still refuses to engage in the appraisal process, then supplemental relief under 28 U.S.C. § 2202—including an injunction—may be appropriate.

Accordingly, Empire's sole basis for dismissing count one of the Amended Complaint is denied.

## II. The Amended Complaint states a claim for breach of contract based on the Policy's appraisal provision.

Both parties assume that the Policy is governed by Florida law. In Florida, "[a]n adequately [pleaded] breach of contract action requires three elements: (1) a

valid contract; (2) a material breach; and (3) damages." *In re Standard Jury Instructions–Contract & Bus. Cases*, 116 So. 3d 284, 306 (Fla. 2013) (collecting cases).

Empire argues that the Amended Complaint fails to adequately establish a breach on the face of the Policy. (Doc. 18 at 7–11.) In doing so, Empire **assumes** that the Association is trying to plead a breach-of-contract claim based on Empire's purported breach of the Policy's terms governing replacement-cost coverage benefits. (*Id.* at 5.) This assumption is not totally unwarranted; apart from the appraisal provision, the Amended Complaint does not clarify the nature of the underlying contractual dispute between the parties. In other words, the Association obviously believes that Empire has not paid out its full obligations under the Policy, but there is no explanation anywhere in the Amended Complaint as why.

To be sure, the Amended Complaint contains vague allegations about Empire "fail[ing] to pay the full amount owed" or not paying "those benefits due under the Policy's available coverages for those covered damages caused by and/or arising from the Loss." (Doc. 14 at ¶¶16, 33.) But these are merely "examples of 'the-defendant-unlawfully-harmed-me' accusations," which *Iqbal* deemed insufficient. 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). At no point in the Amended Complaint does the Association explain what coverage provision (or exclusion provision) in the Policy applies to this case.

Likely recognizing this shortcoming, the Association does not seriously attempt to argue that a breach of any other provision of the Policy (besides the appraisal provision) has been pleaded. Instead, the Association argues that

7

"Empire's failure to honor the Association's continuous **written demands for a binding appraisal** constitutes a material breach of the Policy." (Doc. 21 at 16) (emphasis added). Although there is a vague reference to "the multiple coverages that are available for covered damages" elsewhere in the Amended Complaint, none of those "multiple coverages" are described elsewhere. (*Id.* at 14.)

Nevertheless, the Amended Complaint does provide that: (1) there is a valid Policy between the parties, (2) Empire breached Paragraph E(2) of the Policy's Condominium Association Coverage Form by refusing to submit to the appraisal process despite the Association's compliance with all conditions precedent, and (3) the Association has suffered damages as a result. This is enough to state a claim for breach of contract based **solely** on Empire's noncompliance with the appraisal provision and nothing else. *See El Shaddai Pentecostal Holiness, Inc. v. Am. States Ins. Co.*, No. 5:19-CV-74-OC-30PRL, 2019 WL 5265327, at *2 (M.D. Fla. Mar. 29, 2019) (recognizing that actions to enforce appraisal provisions in insurance contracts may be pleaded in the alternative as either declaratory actions or contractual actions, regardless of whether they may be duplicative); *see also Cole v. Owners Ins. Co.*, 326 F. Supp. 3d 1307, 1319 (N.D. Ala. 2018) (evaluating a number of contractual claims at the summary judgment phase, including plaintiffs' claim that defendants "fail[ed] to submit to the appraisal process"). Accordingly, the Court denies Empire's motion to dismiss count two of the Amended Complaint.

The Court observes, however, that Empire's refusal to submit to the appraisal provision in Paragraph E(2) is the only properly pleaded issue in this action. This

means that the Association's separately filed motion to compel appraisal and stay proceedings, (Doc. 26), is presently equivalent to a summary judgment motion. *See generally Waterford Condo. Ass'n of Collier Cty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 3852731, at *2 (M.D. Fla. Aug. 16, 2019) (explaining that if a complaint contains a count that demands appraisal as relief, a separately filed motion to compel appraisal is effectively a summary judgment motion on that count).[2]

Accordingly, it is **ORDERED:**

1. Empire's motion to dismiss, (Doc. 18), is **DENIED**.

2. **No later than fourteen days after this Order**, Empire shall answer the Association's Amended Complaint

**ORDERED** in Fort Myers, Florida, on September 2, 2020.

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**

---

[2] At this time, the Court will not comment on the merits of this pending motion. But it will note that, in Empire's response opposing the Association's motion to compel appraisal, Empire suggests that the Court's ruling on the motion to dismiss may "decide some of the issues" raised in the motion to compel appraisal, and that no responsive pleading has yet been filed in this case. (Doc. 29 at 4–5.)

9