UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CREEKSIDE CROSSING CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.                                Case No. 2:20-cv-136-JLB-MRM

EMPIRE INDEMNITY INSURANCE
COMPANY,

      Defendant.

_____/

## ORDER

On September 20, 2020, this Court entered an Order denying Defendant Empire Indemnity Insurance Company's ("Empire") motion to dismiss the amended complaint filed by Plaintiff Creekside Crossing Condominium Association ("the Association"). (Doc. 36.) After sua sponte reconsideration, the Court has concluded that its denial of Empire's motion was ultimately correct. That said, the Court unintentionally narrowed the scope of the Association's breach-of-contract claim to include only Empire's alleged refusal to honor the Policy's binding appraisal provision. (Doc. 36 at 7–8.) This narrow reading has created confusion among the parties, as evident from their summary judgment papers. (Docs. 39, 48, 49.)

Upon reconsideration, the Court finds that the Amended Complaint also states a breach-of-contract claim based on Empire's purported undervaluation and failure to pay the Association's covered losses. (Doc. 14 at ¶¶ 30–35.) The underlying Policy in this case is an "all risks" policy, which insures against all direct

physical loss unless specifically excluded elsewhere.  See Floyd v. GeoVera Specialty

Ins. Co., No. 3:18-cv-992-J-32JBT, 2020 WL 998690, at *1 & n.2 (M.D. Fla. Mar. 2,

2020).  Accordingly, the Court's demand for additional specificity to support a

breach-of-contract claim beyond Empire's refusal to appraise was unwarranted.

And it is, of course, premature to address a breach-of-contract claim based on

undervaluation until the issue of appraisal is resolved.  See Enger v. Allstate Ins.

Co., 407 F. App'x 191, 193 (9th Cir. 2010).  In this context, the Association's pending

motion for summary judgment is not the proper vehicle to address appraisal, and

the Court will deny that motion as moot.  Instead, the Association shall file a

separate motion to compel appraisal, to which Empire may file a response.  The

Court apologizes for any confusion.  In summary, it is **ORDERED**:

1.  Plaintiff's motion for summary judgment (Doc. 39) is **DENIED AS
    MOOT** without prejudice to reraise.

2.  **No later than June 2, 2021**, the Association shall file a motion to
    compel appraisal.

3.  Empire may file a response to the motion to compel appraisal **no later
    than June 16, 2021**.

**ORDERED** in Fort Myers, Florida, on May 19, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE