UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CREEKSIDE CROSSING
CONDOMINIUM ASSOCIATION,
INC.,

        Plaintiff,

v.                                                                    Case No:   2:20-cv-136-JLB-MRM

EMPIRE INDEMNITY INSURANCE
COMPANY,

        Defendant.

_____

## ORDER

      This is a Hurricane Irma insurance dispute between Plaintiff Creekside

Crossing Condominium Association, Inc. ("Creekside Crossing") and its insurer,

Defendant Empire Indemnity Insurance Company ("Empire").   The Magistrate

Judge entered a Report and Recommendation recommending that this Court grant

Creekside Crossing's motion (Doc. 56) to compel appraisal as to the amount-of-loss

issue.   (Doc. 73.)   Empire has filed objections, arguing that appraisal is

inappropriate.   (Doc. 74.)   After an independent review of the record, the Court

**OVERRULES** Empire's objections (Doc. 74), and **ADOPTS** the Report and

Recommendation (Doc. 73).

## BACKGROUND

      Empire issued a property insurance policy to Creekside Crossing, a

condominium association that owns several buildings in Florida.   (Doc. 14 at 2–3,

¶ 6 & pp. 11–87.)   That policy included an appraisal provision.   (Id. at 3, ¶ 9 & p.

49.)[1]   After Creekside Crossing suffered an allegedly covered loss and submitted a claim to Empire, a dispute arose as to the amount of loss.   (Id. at 3, ¶¶ 7–8, 13–14.) Creekside Crossing alleges that it requested an appraisal under the policy and that Empire improperly refused.   (Id. at 3, ¶ 13; Doc. 56-1 at 2, 3 n.8.)

Creekside Crossing filed suit, raising claims for declaratory judgment and breach of contract.   (Docs. 1, 3, 14.)   As this Court previously observed, the breach of contract claim includes a claim based on Empire's purported undervaluation and failure to pay Creekside Crossing's covered losses.   (Doc. 54 at 1.)   The Court further determined that a motion for summary judgment was not the "proper vehicle to address appraisal" and allowed Creekside Crossing to file a motion to compel appraisal, which it did.   (Id. at 2; Doc 56.)

The Magistrate Judge issued a Report and Recommendation recommending that the Court grant the motion to compel appraisal as set forth in the policy. (Doc. 73.)   Empire filed an objection to the Report and Recommendation, raising

---

[1] The appraisal provision provides as follows:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.   In this event, each party will select a competent and impartial appraiser.   The two appraisers will select an umpire.   If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.   The appraisers will state separately the value of the property and amount of loss.   If they fail to agree, they will submit their differences to the umpire.   A decision agreed to by any two will be binding. . . .

(Doc. 14 at 49.)

several arguments.   (Doc. 74.)   Creekside Crossing responded to the objections
(Doc. 75), and Empire filed a reply (Doc. 78).

## DISCUSSION

Empire has not shown that the Magistrate Judge erred in finding appraisal
appropriate.   First, Empire contends that this Court should review the Report and
Recommendation de novo.   (Doc. 74 at 2–6.)   Second, Empire asserts that
"compelling appraisal constitutes injunctive relief that must be sufficiently pleaded
and proven."   (Id. at 6–16.)   It next states that it is "entitled to due process in
being judicially compelled to act."   (Id. at 16–19.)   In a similar vein, Empire argues
that "appraisal should not be compelled absent a summary or trial adjudication that
Empire breached the appraisal provision."   (Id. at 19–22.)   Finally, Empire
contends in passing that, should the Court find appraisal appropriate, a stay is
improper.   (Id. at 22 n.13.)   The Court will address whether an appraisal and a
stay are warranted.

### I.   Standard of Review

The parties dispute whether the Court should review the Magistrate Judge's
Report and Recommendation de novo or for clear error.   Generally, a magistrate
judge may resolve any non-dispositive pretrial matter through a written order.
Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   If a party raises a timely objection,
the district judge "must . . . modify or set aside any part of the order that is clearly
erroneous or is contrary to law."   Fed. R. Civ. P. 72(a).   Conversely, a district judge
may accept, reject, or modify a magistrate judge's report and recommendation.   28
U.S.C. § 636(b)(1)(C).   The factual findings in the report and recommendation need

not be reviewed de novo in the absence of an objection, but legal conclusions are always reviewed de novo.   Id.; Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

This matter came to the Court as a Report and Recommendation—not a pretrial order—recommending that Creekside Crossing's motion to compel appraisal be granted.   (Doc. 73.)   In all events, Creekside Crossing's motion is due to be granted whether the Court reviews the Report and Recommendation for clear error or conducts de novo review.

## II.      The Court has the authority to compel appraisal.

Each of Empire's arguments stands for the same proposition: that, despite the clear language of the contract between the parties, this Court lacks the authority to compel appraisal, at least at this stage in the litigation.   This Court has previously rejected similar arguments raised by Empire in other cases.[2] Indeed, Empire has failed to cite, and the Court has not found, a single case supporting its position that Florida courts lack authority to compel appraisal. Considering the lack of authority from Empire, coupled with the reasoning and authority cited in this Court's prior decisions, it is clear that the Magistrate Judge did not err in finding appraisal warranted.

---

[2] See, e.g., Order, Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co., No. 2:20-cv-31-JLB-NPM (M.D. Fla. Feb. 1, 2022), ECF No. 76; Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co., No. 2:19-cv-81-FtM-38NPM, 2019 WL 3852731 (M.D. Fla. Aug. 16, 2019); Positano Place at Naples II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co., No. 2:21-cv-181-SPC-NPM, 2021 WL 1610092 (M.D. Fla. Apr. 26, 2021).

For example, Empire suggests that the Court may only compel appraisal after granting summary judgment on a pleaded claim for injunctive relief or specific performance.   (See Doc. 74 at 6–16.)   Yet "parties can seek appraisal through breach of contract and declaratory judgment actions."   Positano Place at Naples II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co., No. 2:21-cv-181-SPC-NPM, 2021 WL 1610092, at *1 (M.D. Fla. Apr. 26, 2021) (citations omitted).   And an appropriate vehicle to address appraisal in a breach-of-contract action is a motion to compel appraisal.   (Doc. 54 at 2.)   Moreover, a party need not move for summary judgment to compel appraisal because "appraisal will not dispose of any claims or defenses." Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co., No. 2:19-cv-81-FtM-38NPM, 2019 WL 3852731, at *2 (M.D. Fla. Aug. 16, 2019).   Nor does appraisal entitle any party to judgment.

To the contrary, under settled Florida law appraisal determines only the amount payable under an insurance policy, not whether there is an obligation to pay that amount.   See Hanover Fire Ins. Co. v. Lewis, 10 So. 297, 302 (Fla. 1891). Notably, as this Court previously observed, Creekside Crossing's breach of contract claim is premised on more than a purported breach of the policy's appraisal provision.   (Doc. 14 at 8, ¶ 33.)

Similarly, as to Empire's contentions that the appraisal issue must be resolved at trial, the "law in Florida is clear that issues of coverage and liability under an insurance policy are for the court or jury, respectively, whereas a dispute regarding the amount of loss found to be covered under the policy is subject to

appraisal if so provided in the insurance policy."   State Farm Florida Ins. Co. v.

Hernandez, 172 So. 3d 473, 476 (Fla. 3d DCA 2015).   Here, the policy provides that

a decision by the appraisal panel on the amount of loss "will be binding" on the

parties.   (Doc. 14 at 49.)

     Empire also observes that the Florida Supreme Court has held that an

informal appraisal proceeding, as set forth in an insurance contract, is not subject to

the formal procedures of the Florida Arbitration Code.   See Allstate Ins. Co. v.

Suarez, 833 So. 2d 762, 765 (Fla. 2002).   Empire thus concludes that the Florida

Arbitration Code does not provide a basis for compelling appraisal.   (Doc. 74 at 9–

13.)   However, "appraisal clauses are treated similarly to arbitration clauses."

Fla. Ins. Guar. Ass'n, Inc. v. Castilla, 18 So. 3d 703, 704 (Fla. 4th DCA 2009);

see also Three Palms Pointe, Inc. v. State Farm Fire and Cas. Co., 250 F. Supp. 2d

1357, 1362 (M.D. Fla. 2003), aff'd, 362 F.3d 1317 (11th Cir. 2004).   And "[m]otions

to compel arbitration should be granted whenever the parties have agreed to

arbitration and the court entertains no doubts that such an agreement was made."

Preferred Mut. Ins. Co. v. Martinez, 643 So. 2d 1101, 1103 (Fla. 3d DCA 1994)

(discussing appraisal provision); see also U.S. Fidelity & Guar. Co. v. Romay, 744

So. 2d 467, 469 (Fla. 3d DCA 1999) ("When a party refuses to arbitrate a dispute in

accordance with the policy's arbitration clause, the other party may bring an action

to compel arbitration." (citing Fla. Stat. § 682.03 (1995))); Red Cross Line v. Atl.

Fruit Co., 264 U.S. 109, 121 (1924) (noting that courts have "not given effect to the

executory agreement as a plea in bar, except in those cases where the agreement,

leaving the general question of liability to judicial decision, confines the arbitration

to determining the amount payable or to furnishing essential evidence of specific

fact").   In all events, as Creekside Crossing observes, that the Florida Arbitration

Code or Federal Arbitration Act may not provide a basis to compel appraisal is

irrelevant because neither Creekside Crossing nor the Magistrate Judge's Report

and Recommendation relies on either statute as the authority to compel appraisal.

(Doc. 75 at 7.)[3]

Finally, although Empire acknowledges that it is not raising a due process

claim, it suggests that the appraisal process may lack sufficient safeguards to

protect its due process rights.   (Doc. 74 at 16–19.)   However, "[o]nce a trial court

has determined that the appraisal provisions of a contract of insurance have been

properly invoked, further proceedings should be conducted in accord with those

provisions."   Suarez, 833 So. 2d at 765 (emphasis added).   Nor, for the reasons

noted by the Magistrate Judge, does the Court find it appropriate to impose

requirements or instructions as to the form of the appraisal process or award.

(Doc. 73 at 19–21.)   In short, Empire is unable to repudiate the terms of the policy

---

[3] Empire contends that compelling appraisal is a procedural matter which, because this is a diversity action, would require application of federal law.   (Doc. 74 at 6, 9, 14.)   However, it is the parties' contract that provides for appraisal. See, e.g., Citrus Contracting LLC v. Phila. Indem. Ins. Co., No. 6:19-cv-1161-Orl-31LRH, 2019 WL 5191417, at *2 (M.D. Fla. Sept. 30, 2019), adopted, 2019 WL 5190925 (M.D. Fla. Oct. 15, 2019) (applying state substantive law to appraisal issue in diversity action).   In all events, Empire does not support with persuasive authority the proposition that compelling appraisal pursuant to a contract's appraisal provision is a procedural matter or, even assuming it is correct, explain how the application of federal procedural law would change the result here.

with Creekside Crossing—which evidently it drafted—and the Magistrate Judge thus did not err on these grounds.

**III.    A stay is appropriate.**

Empire also contends in passing that the Magistrate Judge's recommendation of a stay is "improper, and objected to, regardless of the decision regarding appraisal."   (Doc. 74 at 22.)   Specifically, Empire "objects to the stay as unnecessary, if appraisal does not take place, and as improper, should appraisal take place, given Empire's right to conduct discovery about its defenses."   (Id. at 22 n.13.)   This is insufficient to show that a stay is inappropriate for the reasons discussed in the Report and Recommendation.   (See Doc. 73 at 21–22.)

Indeed, a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."   Clinton v. Jones, 520 U.S. 681, 706 (1997).   To determine whether a stay is appropriate, district courts consider factors such as "(1) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; (2) whether a stay will simplify the issues and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court."   Coatney v. Synchrony Bank, No. 6:16-cv-389-Orl-22TBS, 2016 WL 4506315, at *1 (M.D. Fla. Aug. 2, 2016).   The stay may not be "immoderate" based on its scope and duration. See Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000).

Here, a stay is appropriate as appraisal will resolve the amount-of-loss question and potentially resolve the parties' dispute.   See, e.g., Waterford, 2019 WL

3852731, at \*3 ("[A] stay would preserve judicial resources because appraisal might resolve the parties' dispute.").   Further, a stay will not unduly prejudice or tactically disadvantage Empire, and discovery, of course, may resume upon completion of the appraisal process.

Accordingly, it is **ORDERED**:

1.  Empire's Objections (Doc. 74) are **OVERRULED**, and the Report and Recommendation (Doc. 73) is **ADOPTED**.

2.  Creekside Crossing's Motion to Compel Appraisal and Stay Proceedings or, Alternatively, Motion to Compel Appraisal and Enlarge Case Management Deadlines (Doc. 56) is **GRANTED**.

3.  This action is **STAYED** pending completion of the appraisal process as set forth in the policy.   The Clerk of Court is **DIRECTED TO ADD A STAY FLAG** to this case and **STAY THIS CASE** pending further order of this Court.

4.  The parties are **DIRECTED** to jointly notify the Court of the names of (a) each party's selected appraiser and (b) the umpire, by March 29, 2022.

5.  The parties are **DIRECTED** to file a joint report on the status of appraisal on June 13, 2022 and every **ninety days** thereafter.   No later than **fourteen days** after the conclusion of the appraisal, the parties are **DIRECTED** to file a joint notice stating (a) what issues, if

any, remain for the Court to resolve, (b) whether the stay needs to be lifted, and (c) how this action should proceed.

**ORDERED** at Fort Myers, Florida, on March 15, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE