UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CREEKSIDE CROSSING
CONDOMINIUM ASSOCIATION,
INC.,

        Plaintiff,

v.                              Case No:  2:20-cv-00136-JLB-KCD

EMPIRE INDEMNITY INSURANCE
COMPANY,

        Defendant.

_____/

## ORDER

This is a Hurricane Irma insurance dispute between Plaintiff Creekside

Crossing Condominium Association, Inc., ("Creekside Crossing") and its insurer,

Defendant Empire Indemnity Insurance Company ("Empire").  The Magistrate

Judge entered an Order granting in part and denying in part the parties'

memoranda (Doc. 138; Doc. 139) on the form of the appraisal award and staying the

case pending appraisal.  (Doc. 140).  Both parties filed objections.  (Doc. 141; Doc.

142).  Empire argues that the Court should require a line-item appraisal form.

(Doc. 141).  Creekside Crossing objects to the Order insofar as it requires an

appraisal form beyond the scope of the insurance contract.  (Doc. 142).  Empire filed

a Response in Opposition to Plaintiff's Objection, asserting that Creekside

Crossing's objection is too vague.  (Doc. 145).  After an independent review of the

record, the Court **OVERRULES** Empire's and Creekside Crossing's objections.

(Doc. 141; Doc. 142).

## BACKGROUND

Empire issued a property insurance policy to Creekside Crossing, a condominium complex. (Doc. 14 at ¶¶ 6, 11–87). After Creekside Crossing's covered property sustained damage, it submitted a claim to Empire. (*Id.* at ¶¶ 7–8). Creekside Crossing moved to compel appraisal (Doc. 56), which this Court granted. (Doc. 79). The Magistrate Judge then directed the parties to try to "reach[] an agreement on the [appraisal] forms." (Doc. 131). Empire noticed the Court that the parties were unable to agree on the form of appraisal. (Doc. 134). Thus, the Court ordered the parties to "file briefs proposing the form of the appraisal award." (Doc. 135). Upon considering the memoranda filed by each party (Doc. 138; Doc. 139), the Magistrate Judge granted in part and denied in part the memoranda. (Doc. 140). Both parties filed separate objections to the Order. (Doc. 141; Doc. 142). Empire filed a Response in Opposition to Plaintiff's Objection. (Doc. 145).

## LEGAL STANDARD

This matter came to the Court as a pretrial order granting in part and denying in part the parties' memorandums (Doc. 138; Doc. 139) on the form of appraisal. (Doc. 140). Generally, a magistrate judge may resolve nondispositive pretrial matters through written order. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).[1] If a party timely objects, the district judge "must . . . modify or set

_____

[1] Both Empire and Creekside Crossing brought their respective objections under Fed. R. Civ. P. 72(b), which governs a magistrate judge's duty to make a recommendation to the district court on dispositive matters. However, because this case deals with a magistrate judge's order on a nondispositive matter, Fed. R. Civ. P. 72(a) is the applicable rule.

aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R.
Civ. P. 72(a).

## DISCUSSION

Neither party has shown that the Magistrate Judge's Order erred.  The
parties raise separate objections, which the Court addresses in turn.

## I.    Whether a line-item appraisal award is appropriate.

Empire contends that the Magistrate Judge erred by not requiring the appraisal
award to be broken down "as requested by Empire."  (Doc. 141 at ¶ 1).  Empire
worries that the appraisal process has insufficient "procedural safeguards" to
protect its due process rights against an appraisal panel that may include "hidden,
non-covered or unauthorized amounts" in the award.  (*Id.* at ¶ 2).  Specifically,
Empire argues that there is "good reason" to require a line-item award because
"[t]he policy requires that the appraisers 'state separately the value of the property
and amount of loss'" (*Id.* at ¶¶ 2, 6); Doc. 14 at 49) and because "a breakdown is
important to apply to coverages," such as excluding "costs related to . . . matching,
ordinance or loss, or . . . to collateral damages that have not occurred but might
occur only in the event repairs are done," in the actual cash value.  (Doc. 141 at ¶ 3).

However, "[o]nce a trial court has determined that the appraisal provisions of a
contract of insurance have been properly invoked, further proceedings should be
conducted in accord with those provisions."  *Calusa Bay N. Condo. Ass'n, Inc. v.
Empire Indem. Ins. Co.*, No. 2:21-CV-540-JLB-NPM, 2023 WL 3552033, at *4 (M.D.
Fla. May 18, 2023) (quoting *Allstate Ins. Co. v. Suarez*, 833 So. 2d 762, 765 (Fla.

2002)).  There is nothing in the insurance policy here requiring additional guidelines.  The Magistrate Judge's instruction that "the appraisal award must be made with full consideration of the provisions, exclusions, and other terms of the Policy, as well as Florida law" properly considers the requirements of the parties' contract in its entirety.  (Doc. 140 at 2).  Anything more would "effectively 'rewrit[e] the parties' Policy to add conditions for the appraisal process that were not part of [their] bargain.'"  (*Id.* at 2–3) (quoting *Creekside Crossing Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-CV-136-JLB-MRM, 2022 WL 962743, at *8 (M.D. Fla. Jan. 31, 2022)).  Therefore, the Magistrate Judge did not err, and the objection is overruled.

## II.    Whether the Magistrate Judge's Order goes beyond the scope of the policy requirements.

Creekside Crossing objects to the Magistrate Judge's Order "to the extent that [it] requires the parties to use an appraisal form in excess of the requirements of the contract of insurance subject of this action."  (Doc. 142 at ¶ 6).

Empire's Response to Creekside Crossing's objection argues that the Court must overrule the objection "because it does not identify any particular factual or legal error."  (Doc. 145 at 1).  The Court agrees.  Creekside Crossing's objection is "general and non-specific and do[es] not provide a basis for this Court to reject" the Magistrate Judge's Order.  *See Tran v. Nomad Grp. LLC*, No. 8:20-CV-1945-CEH-SPF, 2023 WL 3560538, at *6 (M.D. Fla. May 19, 2023) (explaining that it cannot review defendants' argument about non-segregated billing entries because "[d]efendants fail[ed] to identify any specific billing entry to which they object").

4

Indeed, an objection to a magistrate judge's order must be "clear enough to permit the district court to effectively review the . . . ruling." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (quotation omitted).

Creekside Crossing does not specify how the Magistrate Judge's Order goes beyond the scope of the insurance policy. Thus, this Court is unable to properly review the objection. *See id.* at 1361 ("It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.").

## CONCLUSION

Accordingly, it is **ORDERED**:

1. The Order of the Magistrate Judge (Doc. 140) entered July 1, 2024, is **AFFIRMED**.

2. Empire's Objections (Doc. 141) are **OVERRULED**.

3. Creekside Crossing's Objections (Doc. 142) are **OVERRULED**.

**ORDERED** in Fort Myers, Florida, on January 6, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE