UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CREEKSIDE CROSSING
CONDOMINIUM ASSOCIATION,
INC.,

        Plaintiff,

        v.

EMPIRE INDEMNITY
INSURANCE COMPANY,

        Defendant,

Case No. 2:20-cv-136-KCD-KRH

_____/

## **ORDER**

For over eight years, Plaintiff Creekside Crossing Condominium Association and Defendant Empire Indemnity Insurance Company have been locked in a grueling dispute over property damage from Hurricane Irma. After a lengthy journey that included an interlocutory appeal to the Eleventh Circuit, the parties finally did what their insurance contract required: they went to appraisal. (Doc. 140.)[1]

But the completion of appraisal did not bring an end to the conflict; it simply opened a new theater of dispute. The appraisal panel issued an award setting the actual cash value (ACV) of the loss at $7,700,862.10. Unhappy with the bottom line, Empire decided to perform a line-item veto. It

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

unilaterally cut out chunks of the award it thought wrong—labeling them uncovered expenses—and paid only what it calculated was the "corrected" balance. (Doc. 185-2 at 5.)

Creekside now moves for summary judgment, asking this Court to confirm the full ACV award and order Empire to pay the remaining balance of $1,325,275.26. (Doc. 184.) Empire objects, sticking to its partial-coverage defenses. (Doc. 188.) Because Eleventh Circuit precedent does not allow an insurer to slice and dice a binding appraisal award after admitting coverage for the loss, *see Mont Claire At Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-601-SPC-MRM, 2022 WL 3701584, at \*3 (M.D. Fla. Aug. 11, 2022), Creekside's motion is **GRANTED IN PART AND DENIED IN PART**.

## I. Background

The material facts here are straightforward and undisputed. Creekside is a residential condominium complex in Bonita Springs. In 2017, Hurricane Irma damaged its roofs, windows, doors, and building exteriors. At the time, Creekside was insured under a commercial policy from Empire.

Creekside timely filed a claim. Empire investigated, acknowledged that Hurricane Irma caused a covered loss, and cut a couple of initial checks. But the parties fiercely disagreed on the total amount of that loss. Seeking to break the logjam, Creekside invoked the policy's appraisal provision. Empire

refused to participate, prompting Creekside to file suit in state court, which Empire removed here. *See, e.g., Creekside Crossing Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-CV-136-JLB-MRM, 2022 WL 780950, at *1 (M.D. Fla. Mar. 15, 2022).

That kicked off a multi-year procedural marathon. After several rounds of briefing and objections, this Court compelled appraisal and stayed the litigation. (Doc. 79.) Empire appealed that decision, but the Eleventh Circuit dismissed the appeal for lack of jurisdiction, sending the parties back to the appraisal panel. (Doc. 116.)

The appraisal process finally lumbered forward. On September 5, 2025—a full eight years after the loss—the appraisal panel executed its award. (Doc. 185-1.) They identified the cause of loss as "Hurricane Irma" and certified that the damage figures excluded ordinary "wear and tear, dry/wet rot, or damages from any other sources." (*Id.* at 1.) The award pegged the loss at $7,700,862.10 for ACV and $8,465,103.07 for replacement cost (RCV). RCV refers to the cost of replacing the damaged property. ACV is that figure minus depreciation.

Rather than paying the full award, Empire conducted its own post-appraisal review. (Doc. 185-2.) It concluded that the panel erred by including "allowances for repair of future damage contingent upon window and sliding glass door replacement and compliance with ordinances and laws" within the

3

ACV column. (*Id.* at 2.) According to Empire, Creekside is not entitled to those sums because they cover repair and matching expenses related to future, not current, damage. Empire also determined that a significant portion of the "Incurred Costs" line-item reflected landscaping, sod, and tree stump removal, which are excluded from policy coverage. (*Id.* at 3.)

Acting as its own appellate court, Empire recalculated the award, arrived at what it deemed a "corrected" ACV figure, deducted prior payments and deductibles, and issued a partial payment of $3,891,972.77. (*Id.* at 5.) It stiffed Creekside on the remaining $1,325,275.26 of the ACV award, asserting that those benefits are owed (if at all) only after repairs are complete. Creekside now seeks summary judgment to collect that outstanding balance, confirm the appraisal award, and secure interest and attorney's fees. (Doc. 184 at 12-13.)

## II. Legal Standard

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Smothers v. Childers*, 159 F.4th 922, 930 (11th Cir. 2025). "When deciding a motion for summary judgment, a judge is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Las Brisas Condo. Homes Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-CV-41-KCD, 2023 WL

4

8978168, at *1 (M.D. Fla. Dec. 28, 2023). A genuine issue exists if a reasonable jury could return a verdict for the nonmoving party. *See, e.g.*, *Martinez v. GEICO Cas. Ins. Co.*, 152 F.4th 1323, 1330 (11th Cir. 2025). "And a fact is material if it might affect the outcome of the suit under the governing law[.]" *Gervin v. Florence*, 139 F.4th 1236, 1245 (11th Cir. 2025).

The moving party "bears the initial burden to demonstrate the basis for its motion, and must identify the portions of the record which it believes demonstrates the absence of a genuine issue of material fact." *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018). "The burden then shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012). In reviewing the evidence, the court draws all reasonable inferences in the nonmoving party's favor. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. 2020).

### III. Discussion

Before getting to the appraisal award, we must dispense with a threshold procedural objection. Empire insists that because Creekside's motion for summary judgment does not disprove every affirmative defense listed in the answer, summary judgment must be denied out of hand. (*See* Doc. 188 at 8.) But that argument gets federal summary judgment practice

backward. *See Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001).

Because the defendant bears the ultimate burden of proof on its affirmative defenses at trial, it also bears the initial burden at summary judgment to show that those defenses are applicable to the facts at hand. *Top Tobacco, L.P. v. Star Importers & Wholesalers, Inc.*, No. 1:19-CV-4939-MLB, 2021 WL 3667982, at *10 (N.D. Ga. Aug. 18, 2021). Put simply, the "burden is on [the] defendant to adduce evidence supporting affirmative defense, not upon [the] movant to negate its existence." *Shenzhen Kinwong Elec. Co. v. Kukreja*, 574 F. Supp. 3d 1191, 1241 (S.D. Fla. 2021).

To be sure, a defendant is "under no duty to submit evidentiary matter to establish their affirmative defenses." *James River Ins. Co. v. R.I.C., Inc.*, No. 23-CV-22907, 2024 WL 4381230, at *14 (S.D. Fla. Oct. 3, 2024). But that does not absolve the "responsibility to show a genuine dispute of material fact as to [them] such that summary judgment is not warranted." *Id.* Simply preserving a defense in an answer does not give the party a free pass when a summary judgment motion lands on the docket. When the case reaches this stage, the defendant must come forward with specific facts or argument showing a genuine dispute for trial. *See, e.g., Glob. Weather Prods., LLC v. Wood Projections, Inc.*, No. 24-CV-23528, 2026 WL 25086, at *4 (S.D. Fla. Jan. 5, 2026).

6

Here, Empire wholly failed to meet that burden. It did not advance a single fact to support its affirmative defenses—or even identify which remain alive in this dispute. (Doc. 188 at 8.) Instead, Empire sat on its hands, relying on the upside-down theory that Creekside had a duty to hunt down and destroy defenses that Empire itself did not even bother to identify. That is not how summary judgment works. Because Creekside's motion established a valid policy, a material breach, and a binding appraisal award, it was up to Empire to come forward with a material dispute to salvage its defenses. It chose silence instead, and so its threshold objection fails as a matter of law. *See Johnson*, 263 F.3d at 1264 (in response to summary judgment "it became incumbent upon the [non-movants] to respond by, at the very least, raising in their opposition papers any and all arguments or defenses they felt precluded judgment in [p]laintiffs' favor"); *see also Chattanooga-Hamilton Cnty. Hosp. Auth. v. Hosp. Auth. of Walker*, No. 4:14-CV-0040-HLM, 2016 WL 4408996, at *13 (N.D. Ga. Apr. 27, 2016).

Turning to the merits, Florida law allows an insured to move for payment of an appraisal award if it is not timely disbursed. *See Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.*, 250 F. Supp. 2d 1357, 1362 (M.D. Fla. 2003). In such cases, the insurer is free to assert any affirmative defenses that might apply, including policy limits or a violation of policy conditions as a result of fraud, lack of notice, or failure to cooperate. *Id.* "If an

7

insurer fails to assert any successful affirmative defenses, a court will enter a final judgment in favor of the insured." *Pelican Pointe of Sebastian II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 05-14142-CIV, 2007 WL 9702449, at *2 (S.D. Fla. Aug. 8, 2007).

It is undisputed that an appraisal award was issued here. It is also undisputed that Empire has not paid the entire ACV award, which under the parties' policy was due "within 30 days" thereafter. (Doc. 14 at 82.) So the only question remaining is whether Empire has offered any defense to avoid the outstanding ACV balance.

According to Empire, it need not pay anything further from the ACV award because the appraisal panel included components that are not covered. (*See* Doc. 188 at 8-19.) In other words, the appraisal panel did not calculate the proper ACV valuation. Empire then walks through the appraisal award, highlighting the portions that (in its view) are not covered under the policy. (*Id.*)

Empire cannot contest the appraisal award in this fashion. "[T]he Eleventh Circuit has found that Florida law on this issue is clear: if an insurer and an insured party go to appraisal, the insurer can only dispute coverage for loss as a whole." *Mont Claire*, 2022 WL 3701584, at *3 (M.D. Fla. Aug. 11, 2022) (citing *Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.*, 362 F.3d 1317, 1318 (11th Cir. 2004)).

Under *Three Palms*, an insurer cannot "challenge coverage with respect to part of the appraisal award." 362 F.3d at 1319. Yet that is all Empire offers in response to Creekside's motion. (*See* Doc. 188.) Empire might be right that the appraisal panel went beyond the policy and awarded uncovered benefits in their ACV figure. But "state and federal courts in Florida have repeatedly stated that mere errors of fact or law by an appraiser are not enough to set aside an appraisal award." *Westchester Surplus Lines Ins. Co. v. Portofino Master Homeowners Ass'n, Inc.*, No. 3:23CV00453-MCR-HTC, 2025 WL 2697481, at *5 (N.D. Fla. Sept. 22, 2025); *see also Mont Claire at Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 23-14162, 2024 WL 4635575, at *3 (11th Cir. Oct. 31, 2024). "[U]nless and until the Eleventh Circuit overrules *Three Palms*, [we are] duty-bound to follow its clear and unequivocal holding that an insurer cannot challenge coverage with respect to part of the appraisal award." *Outback Storage v. Indian Harbor Ins. Co.*, No. 5:21CV90-TKW-MJF, 2023 WL 9234934, at *4 (N.D. Fla. Oct. 2, 2023).

Empire insists that *Three Palms* was wrongly decided. It urges this Court to instead follow various Florida appellate court decisions that suggest insurers can mount post-appraisal attacks on specific elements of an appraisal award. (Doc. 188 at 12-14.) Empire's critique of *Three Palms* belongs in an appellate brief, not a summary judgment response. This Court lacks the structural authority to audit the Eleventh Circuit's legal analysis

that interprets a Florida Supreme Court decision. Until one of those two courts issues a formal course correction, *Three Palms* remains binding law.

Creekside's request to confirm the ACV award must be granted because Empire does not assert a lack of coverage defense for the entire claim or a violation of one of the standard policy conditions, such as fraud, lack of notice, or failure to cooperate. "With no coverage defenses or other obstacles in the way, the Court must confirm the [ACV] award and enter judgment for [Creekside]." *Mont Claire at Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-601-SPC-KCD, 2023 WL 8113118, *5 (M.D. Fla. Nov. 22, 2023).

Two final issues. First, Creekside asks for prejudgment and post-appraisal interest. (Doc. 184 at 12.) But its motion gives the Court nothing to go on. There are no supporting arguments, no citations to legal authority, and—most importantly—none of the factual data points needed to actually run the math. Summary judgment demands that the parties offer evidence and flesh out their claims. A movant cannot just leave a placeholder in its briefing and demand that the court build the actual argument from scratch. *See Eli Rsch., LLC v. Must Have Info Inc.*, No. 2:13-CV-695-FTM-38CM, 2014 WL 4983710, at *2 (M.D. Fla. Oct. 6, 2014). Because Creekside failed to do the required lifting at this point, its request for interest is denied.

Second, Creekside seeks a declaration that it is entitled to fees and costs as the prevailing party. (Doc. 184 at 12.) That request skips a few steps. Under Local Rule 7.01(b), "the party claiming fees and expenses must request a determination of entitlement in a motion" within "fourteen days *after entry of judgment*." *Id.* (emphasis added). Deciding the fee issue now would put the cart before the horse. That question is for another day, and the parties can square off on attorney's fees and costs using the post-judgment mechanisms the rules provide. *See, e.g.*, *Jones v. Magic Burgers, LLC*, No. 6:20-CV-498-WWB-LRH, 2022 WL 852770, at *2 (M.D. Fla. Jan. 21, 2022).

## IV. Conclusion

Creekside is entitled to an order confirming the ACV component of its appraisal award. Empire admitted coverage for the storm damage, and the appraisal panel did its job. Empire cannot now "quibbl[e]" with the resulting amount. *Muckenfuss v. Hanover Ins. Co.*, No. 505-CV-261-OC-10GRJ, 2007 WL 1174098, at *4 (M.D. Fla. Apr. 18, 2007).

But while that resolves the single largest chunk of this lawsuit, it remains unclear what else must be done. The question of interest is still lingering out there, waiting for the parties to do the necessary math and provide proper legal backing. Beyond that, however, the residual issues are a mystery. This lawsuit has a long, tortured history, and this Court has no intention of guessing what claims or defenses the parties plan to fight over

11

next. Accordingly, the parties must confer and file a joint status report. That report must outline what specific issues they believe are still alive and in dispute, and it must include a concrete procedural proposal for how they plan to resolve them.

Creekside's Motion for Summary Judgment (Doc. 184) is thus **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** insofar as Creekside is entitled to a judgment confirming the ACV appraisal award, less those amounts already paid. Empire is directed to pay the remaining ACV principal balance—$1,325,275.26—within 30 days. The motion is otherwise **DENIED**. The parties are directed to file a joint status report consistent with this Order on or before June 25, 2026. The Court will withhold entering a final judgment until all remaining outstanding matters are adjudicated.

**ORDERED** in Fort Myers, Florida on June 15, 2026.

Kyle C. Dudek
United States District Judge