UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CREEKSIDE CROSSING
CONDOMINIUM ASSOCIATION,
INC.,

        Plaintiff,

    v.

EMPIRE INDEMNITY
INSURANCE COMPANY,

        Defendant.

_____/

Case No. 2:20-cv-136-KCD-KRH

## **ORDER**

Plaintiff Creekside Crossing Condominium Association and Defendant Empire Indemnity Insurance Company have been locked in a bitter dispute over property damage caused by a hurricane several years ago. After a protracted journey, an appraisal panel finally calculated the loss amount. Unhappy with the panel's inclusion of certain line items, Empire opted to perform its own post-appraisal review, paying only what it deemed appropriate and leaving a significant balance unpaid.

Earlier this summer, the Court intervened. Bound by circuit precedent prohibiting an insurer from selectively slicing up an appraisal award after admitting coverage, *see Baptist Coll. of Fla., Inc. v. Church Mut. Ins. Co., SI,*

656 F. Supp. 3d 1290, 1292 (N.D. Fla. 2023),[1] the Court granted partial summary judgment to Creekside. The order directed Empire to pay the remaining appraisal award within thirty days. (Doc. 192.) But the Court could not close the case. Despite Creekside's request for prejudgment and post-appraisal interest, it left the Court empty-handed—offering no supporting arguments, no legal citations, and none of the factual data needed to award such relief. (*Id.* at 10.) Final judgment was thus withheld until those residual issues could be adjudicated.

Empire now moves the Court to certify the summary judgment order for an immediate appeal under 28 U.S.C. § 1292(b) and stay the remainder of the litigation. (Doc. 198.) Alternatively, Empire asks the Court to amend the prior order and defer payment of the appraisal award until a final judgment is entered. (*Id.* at 1.)

Upon review, the Court agrees it jumped the gun by directing Empire to pay the outstanding appraisal balance before entering final judgment. Demanding immediate payment upended the standard rules of the road and foreclosed Empire from the usual post-judgment protections. Once a final judgment is on the books, a losing party can typically seek a stay of execution by posting a supersedeas bond. *See* Fed. R. Civ. P. 62(b); *Sec. & Exch.*

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

*Comm'n v. Mut. Benefits Corp.*, No. 04-60573-CIV, 2022 WL 3715982, at \*2 (S.D. Fla. Aug. 29, 2022). The summary judgment order effectively bypassed that safeguard. To fix the misstep, the Court will exercise its authority under Fed. R. Civ. P 54(b) to amend the prior order, deferring Empire's payment obligation until a final judgment is entered.

Empire's motion notes that it is opposed. (Doc. 198 at 19.) Ordinarily, the Court would wait for the response brief. But the procedural misstep here is clear, and there is no good reason to let the problem linger. Rather than drag the issue out, the Court will sua sponte course-correct immediately.

This additional delay is no doubt a bitter pill for Creekside to swallow. The association has spent years waiting for payment. But this holdup is entirely self-inflicted. Had Creekside done the necessary legwork to prove its request for interest the first time around, the Court could have closed the book on this dispute and entered a final judgment. Instead, Creekside offered a completely unsupported placeholder, leaving the case open. (*See* Doc. 192 at 10.) Having failed to finish the job when it had the chance, Creekside cannot now complain that the payment is on ice while the rest of the litigation runs its course.

Because the Court is granting Empire's request to defer payment, we seemingly need not resolve the alternative demand for an interlocutory appeal. But even if we took up that issue, this case does not meet the

3

notoriously high bar for such relief. Section 1292(b) appeals are the exception, not the rule. The statute reserves piecemeal appellate review for "exceptional cases" where an immediate trip to the circuit court would "avoid protracted and expensive litigation." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004). The only roadblock to a final judgment here is calculating interest—a routine task that hardly threatens a massive, resource-draining trial. Sending this dispute up the appellate ladder now would fracture the case and bog down the docket, creating exactly the kind of log jam that § 1292 was designed to prevent.

Accordingly, Empire's motion (Doc. 198) is **GRANTED IN PART AND DENIED IN PART** as set forth above. To be clear, Empire's obligation to pay the outstanding appraisal award is deferred until a final judgment is entered. All other relief is denied.

**ORDERED** in Fort Myers, Florida on July 15, 2026.

Kyle C. Dudek
United States District Judge

4